UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA TIDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-1607-B (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tina T.[1] brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision should be REVERSED, and this case REMANDED for further administrative proceedings consistent with these Findings, Conclusions, and Recommendation.

## **BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments including: herniated discs, osteoarthritis, type 2 diabetes, morbid obesity, major depressive

---

[1] Pursuant to the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

1

disorder, anxiety disorder, irritable bowel syndrome with constipation, high

blood pressure, degenerative disc disease, severe sciatic nerve damage with pain,

and extreme edema, mainly in the left thigh and sometimes in the right thigh. *See*

Tr. 108, 121 [ECF No. 14-1]. After Plaintiff's application was denied initially and

upon reconsideration, a hearing was held on March 8, 2016 before an

Administrative Law Judge ("ALJ").[2] *See* Tr. 57.

Plaintiff was born on October 7, 1974, and was 41 years old at the time of

the March 8, 2016 hearing. *See* Tr. 57 & 95. Plaintiff has a high school education.

*See* Tr. 61. The ALJ issued her decision finding that Plaintiff has not been under a

disability within the meaning of the Social Security Act from Plaintiff's alleged

onset date of July 6, 2011 through the date of the ALJ's decision on April 13,

2016. *See* Tr. 29-30. The ALJ determined that Plaintiff had the severe

impairments of obesity and degenerative disc disease. *See* Tr. 20. The ALJ also

determined that Plaintiff did not have an impairment or a combination of

impairments that met or medically equaled the severity of one of the listed

impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* Tr. 23.

---

[2]     A prior hearing was held before a different ALJ on September 25, 2013 for
Plaintiff's claim filed on January 24, 2012 alleging disability beginning on July 1, 2011.
*See* Tr. 17 & 39. After the denial of her first application on November 26, 2013, Plaintiff
filed applications on February 21, 2014 and July 17, 2014 alleging disability beginning
on July 6, 2011. *See* Tr. 17. The ALJ whose decision is the basis of this appeal did not
find grounds to reopen and revise the November 26, 2013 decision, and therefore stated
that she did not consider whether Plaintiff was disabled prior to this decision date. *See*
Tr. 18.

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). *See* Tr. 24. The ALJ determined that Plaintiff could: (1) lift and/or carry 20 pounds occasionally; (2) lift and/or carry 10 pounds frequently; (3) stand and/or walk, in combination, for 2 hours in an 8-hour workday; (4) sit for 6 hours in an 8-hour workday; (5) push or pull commensurate with lifting restrictions; (6) occasionally climb ramps and stairs; (7) occasionally kneel, crawl, crouch, or stoop; and (8) frequently balance. *See* Tr. 24. However, the ALJ determined that Plaintiff could not climb ladders, ropes, or scaffolds. *See* Tr. 24. The ALJ determined that Plaintiff could not perform her past work as a hair stylist, Walmart department manager, and a bookkeeper. *See* Tr. 28 & 75. Based on the testimony of a Vocational Expert, the ALJ determined that Plaintiff could perform work at the sedentary level as an order clerk, assembler, and lens inserter. *See* Tr. 29.

Plaintiff appealed the ALJ's decision to the Appeals Council, and on April 18, 2017, the Appeals Council affirmed the ALJ's decision. *See* Tr. 1. Plaintiff filed this action in the federal district court on June 17, 2017. *See* Compl. [ECF No. 1].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.

3

1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1)   an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)   an individual who does not have a "severe impairment" will not be found to be disabled;

(3)   an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)   if an individual is c apable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the

five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at \*5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at \*7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at \*5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## **ANALYSIS**

Among other arguments, Plaintiff argues that the ALJ erred by failing to cite *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) or state the correct standard set forth in this decision for non-severe impairments, which is an impairment that is a "'slight abnormality [having] such minimal effect on the

6

individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Stone*, 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)); Pl.'s Br. 12-13. Plaintiff argues that the ALJ incorrectly found that Plaintiff's mental impairments of affective disorder and anxiety disorder "do not cause more than minimal limitation in [her] ability to perform basic mental activities and are therefore non-severe." Pl.'s Br. 12; Tr. 21.

In support of her argument that the ALJ committed reversible error, Plaintiff cites *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. Jan. 27, 2009) wherein the court found that the ALJ's failure to cite the *Stone* decision and the correct legal standard for non-severe impairments, in conjunction with contrary medical opinion evidence, supported a conclusion that the ALJ applied the wrong standard at step two. *See* Tr. 13; *Scroggins*, 598 F. Supp. 2d at 805-07. The court in *Scroggins* stated the following:

> In this case, the ALJ . . . did not explicitly reference *Stone* or a similar opinion applying the Fifth Circuit's standard. [] He did, however, state that "[a]n impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." [] Thus, according to the standard applied by the ALJ, a [non-]severe impairment could have, at most, a minimal effect on a claimant's ability to work. This is not the standard set forth in *Stone*, which holds that a [non-]severe impairment "would not be expected to interfere with the individual's ability to work." . . . Unlike the

7

standard applied by the ALJ, *Stone* provides no allowance for a minimal interference on a claimant's ability to work. While the difference between the two statements appears slight, it is clear that the ALJ's construction is not an express statement of the *Stone* standard. This difference, coupled with the ALJ's failure to cite *Stone* or a similar opinion, leads the Court to conclude that the ALJ applied an incorrect standard of severity at step 2.

Additional evidence in the ALJ's narrative discussion supports this conclusion with regards to Plaintiff's alleged mental impairments. . . . Plaintiff has a history of regularly taking two psychotropic prescription medications, Xanax and Wellbutrin. [] Two doctors, Dr. Leslie and Dr. Boswank, noted a medical history of anxiety. . . . Plaintiff also presented evidence of diagnosed depression and anxiety from Dr. Sandknop and Dr. Hassan. . . . Although Plaintiff did not present laboratory findings of mental impairments or treatment records from a mental health professional, the statements from these four doctors cannot be dismissed out of hand since all are acceptable medical sources who can provide evidence to establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1513(a)(1). The relative weight accorded to the impairing effects of Plaintiff's depression and anxiety is s omething that should be addressed in the RFC assessment, not at the determination of a severe impairment. *See* 20 C.F.R. § 404.1520(a) (procedure for evaluating mental impairments); 20 C.F.R. § 404.1527(d) (weight accorded to medical opinions). Given the ALJ's complete disregard for this evidence from four medical sources, it is apparent that he applied an incorrect standard of severity at step 2 when he determined Plaintiff's severe mental impairments.

*Scroggins*, 598 F. Supp. at 805-07.

8

In the response, the Commissioner argues that the Fifth Circuit has held that remand is not required where the ALJ failed to cite the *Stone* decision, but the claimant also failed to show that her impairments precluded her from engaging in substantial gainful activity. *See* Def.'s Br. 6 [ECF No. 18] (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). In *Taylor*, the Fifth Circuit stated the following:

> [P]laintiff asserts that the ALJ did not use the proper legal standard for determining his disability eligibility. We disagree. Although the ALJ did not identify the specific applicable legal standard, we agree with the magistrate judge that the ALJ nevertheless applied the proper standard. While it is true that the ALJ never cited to *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), which provides the appropriate legal standard for determining the severity of the disability, procedural perfection is not required unless it affects the substantial rights of a party. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Here, substantial evidence supports the finding of the non-severity of Taylor's mental problems. A comprehensive medical exam revealed no evidence of Taylor's alleged mental health issues or any reason why mental problems would prevent him from engaging in gainful activity. In addition, the medical records showed that Taylor did not take any medications for his mental health complaints. He also failed to seek mental health care even after he was twice referred for mental health treatment at his request. The claimant must show that he is so functionally impaired by his mental impairment that he is pr ecluded from engaging in substantial gainful activity. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). He fails to do so, and any error by the ALJ in not following the procedures set out in *Stone* is harmless. As such, remand is not required since there is no evidence in the record that Taylor's mental health claims

> are severe enough to prevent him from holding
> substantial gainful employment.

*Taylor*, 706 F.3d at 603.

In this case, the ALJ discussed Dr. Linda Ludden's June 21, 2012 Confidential Cognitive Report (Clinical Interview/Mental Status Examination) where she diagnosed Plaintiff with major depressive disorder, severe, without psychosis, and panic disorder without agoraphobia. *See* Tr. 22-23, 815. The ALJ noted that Dr. Ludden opined that Plaintiff's prognosis was poor to guarded and assigned her a GAF score of 45[3]. *See* Tr. 23, 815-16. The ALJ, in citing Dr. Ludden's opinion, stated that Plaintiff "has a well-documented major depressive disorder with symptoms of anhedonia, sleep disturbance, decreased energy, and easy distractibility." Tr. 21. In addition, the ALJ stated that Plaintiff "has a documented panic disorder, which involves a persistent irrational fear of a specific object, activity, or situation, which results in a compelling desire to avoid the dreaded object, activity, or situation." Tr. 21. The ALJ further stated that Plaintiff "has been shown to have anxiety when being in public or outside for an extended period of time." Tr. 21. The ALJ, however concluded that Dr. Ludden's opinion was not wholly consistent with the longitudinal record and assigned it only partial weight. *See* Tr. 23.

---

[3]    A "GAF score of 41 to 50 indicates a 'serious' impairment in social, occupational, or school functioning." *Harris-Nutall v. Colvin*, 2016 WL 3906083, at *6 (N.D. Tex. Jul. 19, 2016) (citing DSM-IV-TR at 34).

As the court explained in *Scroggins*, the ALJ's failure to cite the *Stone* decision or the correct standard cited therein for non-severe impairments, in conjunction with the evidence of Plaintiff's mental health issues, as reiterated by the ALJ in her decision, leads this Court to believe that the ALJ utilized the incorrect standard at step two of the sequential analysis. As discussed by the ALJ, Dr. Ludden, upon examination, opined that Plaintiff's prognosis was poor to guarded and that she was seriously impaired in social or occupational functioning. *See* Tr. 23. The ALJ, in citing Dr. Ludden's examination findings, specifically stated that Plaintiff has "well-documented" mental health issues. *See* Tr. 21. Dr. Ludden noted that Plaintiff reported taking Seroquel XR, Alprazolam, and Citalopram as mental health medications, and the consultants' opinions to which the ALJ stated she gave "considerable weight" noted that Plaintiff was treated in the past with Seroquel and Citalopram, and then subsequently prescribed Xanax. *See* Tr. 86, 99, 101, 127, 812. While the ALJ stated that she "considered the evidence of record as a whole," and that other state agency consultants' opinions finding that Plaintiff's mental conditions are non-severe "are well supported and not inconsistent with the medical evidence[,]" the ALJ does not identify the evidence that purportedly supports her conclusion. *See* Tr. 23; *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) ("[C]ursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion."). Furthermore, in

11

concluding that Plaintiff's mental impairments of affective disorder and anxiety disorder do not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities, and are therefore not severe, the ALJ cites Dr. Ludden's report which found Plaintiff to be seriously impaired. *See* Tr. 21 (citing Ex. B14F); Tr. 815.

The Commissioner argues that the ALJ's non-severity finding should be affirmed because it is supported by substantial evidence. In her written decision, the ALJ relied solely on answers Plaintiff provided on her Function Report to determine Plaintiff's mental impairments were not severe. In particular, the ALJ found Plaintiff had no limitation in her activities of daily living because Plaintiff stated she could care for her fiancé's son, prepare simple meals, care for her pets, had no difficulties in personal care, required no reminders to care for her personal needs or take her medications, do light housework, drive, shop in stores and manage money. *See* Tr. 22 (citing Ex. B5E). However, an independent review of Plaintiff's Function Report reveals that the ALJ apparently misread Plaintiff's answers and overstated her abilities. Contrary to the ALJ's finding, Plaintiff did not report that she could care for her "fiancé's son." Instead, Plaintiff reported that she lived with her fiancé and her son. Tr. 278 (Ex. B5E). When asked to describe what she did from the time she woke up until going to bed, Plaintiff responded, "fiancé cooks breakfast, take son to school, come home and sit in recliner with feet up because they swell." Tr. 279 (Ex. B5E). Plaintiff checked the

box indicating that she takes care of her fiancé and her son, but the narrative description reflects that the extent of this care was minimal. *Id.* Plaintiff explained, "very rarely I cook 1 time a week[;] my son is 14 I drive him to school." *Id.* In another part of the Report, Plaintiff completely denied preparing her own meals. Tr. 280 (Ex. B5E). With respect to housework, the ALJ's report that Plaintiff stated she could do light housework also apparently overstates Plaintiff's ability.  Plaintiff reported only that she could do "some laundry" and that she needed "help & encouragement" to complete the task. *Id.*

The ALJ also concluded that Plaintiff has no limitation or no difficulty in social functioning. *See* Tr. 22 (citing Ex. B5E). The ALJ based her conclusion on Plaintiff's responses on the same Function Report, which the ALJ summarized as "[Plaintiff] stated she is able to talk on the phone with others, she attends church and sporting events, and she has few problems getting along with friends, family, neighbors, or authority figures." *Id.* Again, however, an independent review of the record shows that the ALJ misinterpreted and overstated Plaintiff's abilities. Plaintiff stated that she "rarely" spent time with others and she only talks on the phone "a little." Tr. 282 (Ex. B5E). With respect to her church outings and attendance at sporting events, Plaintiff characterized her involvement as "minimal participation; church – weekly; sports – 1 time a month." *Id.* Plaintiff also unequivocally reported that she ***does*** have problems getting along with

family, friends, and neighbors and that since her illness began she "don't [sic] go out anywhere social, don't go out with friends or anyone." Tr. 283 (Ex. B5E).

Dr. Ludden's Cognitive Report reveals that Plaintiff reported her abilities consistently with her actual claims on her Functional Report. That is, Dr. Ludden reported that Plaintiff claimed to be severely limited in her activities of daily living and social functioning. *See* Tr. 813 (Ex. B14F). Plaintiff stated that she has significant limitation when completing simple chores and significant problems travelling to new and unfamiliar locations. *See id.* Plaintiff further stated she has only 4-5 friends and gets along poorly with her family. *See id.* Dr. Ludden diagnosed Plaintiff with "Major Depressive Disorder, Recurrent, Severe, without Psychosis" and "Panic Disorder without Agoraphobia." *See* Tr. 815 (Ex. B14F). Dr. Ludden assigned Plaintiff a GAF score of only 45 and opined that Plaintiff's prognosis was "poor to guarded." *See* Tr. 815-16 (Ex. B14F). The ALJ dismissed Dr. Ludden's report stating, without elaboration, that the ALJ did not find the opinion to be "wholly consistent with the longitudinal record," and therefore assigned the opinion only "partial weight." *See* Tr. 23 (citing Ex. B14F).

Based on the record before the Court, it appears the ALJ not only utilized the incorrect standard at step two of the sequential analysis, she also misinterpreted the evidence in a manner that completely undermines her conclusion that Plaintiff's mental impairments are not severe. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall

14

with the reasons set forth in the ALJ's decision[.]" (citations omitted)). Therefore, the Court concludes that the final decision of the Commissioner is not supported by substantial evidence, because it is plausible that the ALJ could have come to a different conclusion if she had applied the correct standard to the evidence of record. *See Singleton v. Astrue*, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless. . . . The Court is unable to say what the ALJ would have done. . . . [T]he ALJ might have reached a different decision as to disability."). Because the Commissioner's decision should be reversed based on this ground, the Court pretermits consideration of the remaining grounds for reversal as she can raise them upon remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## **RECOMMENDATION**

For the foregoing reasons, the final decision of the Commissioner should be REVERSED, and this case should be REMANDED for further proceedings consistent with these Findings, Conclusions, and Recommendation.

SO RECOMMENDED.

July 16, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).